IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DERAE JENKINS,

      Petitioner,

v.                                CASE NO. 1:19-cv-5-TKW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Alachua County jury-trial convictions and total 38-year sentence for attempted first degree murder, attempted armed robbery, and conspiracy to commit robbery with a firearm.  ECF No. 1.  The Respondent has filed a response to the Petition, together with a copy of the state-court record, and Petitioner has filed a reply.  ECF Nos. 10, 16.

Upon due consideration of the Petition, the Response, the state-court record, and Petitioner's reply, it is respectfully recommended that the Petition be denied because all but one of Petitioner's claims are

unexhausted, procedurally defaulted, and foreclosed from federal review, and the exhausted claim is due to be denied on the merits.[1]

## I. State Court Procedural History

The relevant procedural history of Petitioner's case may be summarized as follows.  Petitioner was charged in a third amended information with attempted first degree murder while armed (Count I); attempted felony murder while armed (Counts II and III); attempted robbery while armed (Count IV); and conspiracy to commit robbery with a firearm (Count V).  ECF No. 10-1 at 85.

The evidence at trial established that Petitioner and two co-defendants, Akil Flagg and Richard Addison, stole a Ford Explorer SUV, agreed to commit an armed robbery, collected weapons, and waited at night in the SUV at a bank ATM.  A victim withdrew money from the ATM and returned to his car.  Petitioner got out of the SUV and fired a rifle at the victim.  The shot struck the victim's car, but the victim was unhurt and drove away to notify police.  Petitioner, Flagg, and Addison waited at the ATM for another victim, but fled on foot when police arrived.  Addison was captured and provided police with information that led to the arrest of

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner and Flagg.  Addison entered into a plea agreement and testified against Petitioner.  ECF No. 10-2 at 4-281, 10-3 at 1-281, 10-4 at 1-52.

A jury found Petitioner guilty on all counts, but his convictions on Counts II and III were vacated at the sentencing hearing on double-jeopardy grounds.  ECF No. 10-1 at 201.  Petitioner was sentenced to 38 years for Count I, with a mandatory-minimum sentence of 20 years; a mandatory-minimum 20 years for Count IV; and 15 years for Count V, with all sentences to run concurrently.  ECF No. 10-1 at 136-42.

Through appointed counsel, Petitioner appealed on one ground, arguing that the trial court erred in denying his motion for judgment of acquittal for failure to present evidence of premeditation for Count I.  ECF No. 10-5 at 2-37.  The First DCA affirmed his convictions, *per curiam*, without a written opinion.  *See Jenkins v. State,* 122 So.3d 871 (Fla. 1st DCA 2013).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel.  ECF No. 10-9 at 2-12. Petitioner asserted one claim, arguing that his appellate counsel was deficient for failing to appeal the trial court's jury instruction on attempted armed robbery. *Id.* The First DCA, exercising original jurisdiction,

summarily denied the habeas corpus petition on the merits.  *Jenkins v. State*, 162 So.3d 44 (Fla. 1st DCA 2014).

Petitioner then filed a *pro se* motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 raising five claims of ineffective assistance of trial counsel.  ECF No. 10-13 at 45-66.  Petitioner contended that trial counsel was ineffective for: (1) failing to move to suppress or otherwise exclude a detective's testimony that Petitioner made inculpatory statements after being given *Miranda* warnings; (2) failing to object to testimony by the owner of the stolen SUV on the ground that it was inadmissible evidence of a non-similar crime; (3) failing to object to the jury instruction on attempted armed robbery; (4) failing to object to hearsay testimony by Flagg's father; and (5) failing to move to suppress Addison's testimony when there was no other evidence linking Petitioner to the crime scene.  *Id.*  In a supplemental motion, Petitioner added a sixth ineffective-assistance claim: (6) trial counsel failed to move to dismiss Count I on the ground that the charging information did not name the victim.  ECF No. 10-13 at 82-87.

The trial court summarily denied Petitioner's motion on the merits without an evidentiary hearing, attaching records that the court found conclusively refuted the claims.  ECF No. 10-13 at 89-97.

Petitioner appealed through retained counsel.  ECF No. 10-14.
Counsel filed an initial brief arguing: (1) Petitioner's convictions on Counts
IV and V should be vacated because trial and appellate counsel failed to
argue that the convictions were prohibited by double jeopardy; (2) trial
counsel was ineffective for failing to request an instruction that the jury
could "only return a guilty verdict on some counts, or other, but not on all of
the counts charged because convicting [Petitioner] on all the claims would
violate double jeopardy"; and (3) trial counsel was ineffective for failing to
object to the jury instruction on attempted armed robbery.  ECF No. 10-14
at 2-31.  The State filed notice pursuant to Fla. R. App. P. 9.141(b) that it
would not file an answer brief.  ECF No. 10-15 at 2-4.  The First DCA
affirmed the summary denial of Petitioner's Rule 3.850 motion *per curiam,*
without a written opinion.  ECF No. 10-16 at 4.

Petitioner then filed the instant federal habeas corpus petition. ECF
No. 1.  Petitioner asserts the same five ineffective-assistance claims that
he raised in his original *pro se* Rule 3.850 motion.  Petitioner also adds a
sixth claim: that his trial counsel made a double-jeopardy objection to
sentencing on Counts IV and V, that the trial court held that "it is not barred

under the double jeopardy principles," and that his conviction and sentence are unlawful on double-jeopardy grounds. *Id.* at 9-19.[2]

## II. <u>Section 2254 Exhaustion Requirement</u>

A state prisoner is required to exhaust the remedies available to him in state court before asserting a claim in a § 2254 petition. 28 U.S.C. § 2254(b)(1)(A). The prisoner must fairly present the claim to the state courts. *Ogle v. Johnson,* 488 F.3d 1364, 1368 (11th Cir. 2007). Thus, the prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). If a petitioner fails to exhaust his state remedies, and those state remedies are no longer available, then that failure is a procedural default that will bar federal habeas relief, unless the petitioner can meet the cause and prejudice exception. *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001).

A procedurally defaulted claim may be reviewed if the petitioner demonstrates cause for the default and prejudice resulting from the default. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003). A petitioner

---

[2] Petitioner does not include the sixth claim raised in the trial court in his supplemental Rule 3.850 motion pertaining to alleged defects in the Information, and therefore that claim is deemed abandoned.

presents cause for the procedural default if an objective factor external to his defense impeded his ability to raise the claim in state court. *Id.* A petitioner demonstrates prejudice if he shows a reasonable probability that the result of the proceedings would have been different, but for the error. *Id.*

Generally, any ineffective assistance from counsel during collateral-review proceedings does not provide cause to excuse a procedural default. *Id.* However, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan,* 566 U.S. 1, 17, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012). This exception does not extend to attorney errors made in appeals from initial-review collateral proceedings. *See id.* ("The holding in this case does not concern attorney errors in . . . appeals from initial-review collateral proceedings.").

## III. Merits: Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of

this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow,* 571 U.S. 12*,* 134 S.Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 134 S.Ct. at 15 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our

federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective-assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*.

(quoting *Harrington*, 131 S.Ct. at 786).

Further, when reviewing state-court decisions under § 2254, if a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, ___ U.S. ___, 138 S.Ct. 1188, 1192, 200 L.Ed.2d 530 (2018).

## IV. <u>Discussion</u>

### A.  *Unexhausted and Procedurally Defaulted Claims*

Petitioner's federal habeas corpus petition asserts the same five ineffective-assistance claims that he raised in his initial Rule 3.850 motion as well as a sixth claim that during the sentencing hearing his trial counsel objected that convictions on Count IV (attempted armed robbery) and Count V (conspiracy to commit armed robbery) violated double jeopardy, but the trial court found that the convictions did not violate double jeopardy. ECF No. 1 at 19-20.  Petitioner concedes that this latter claim was not raised in state court in his direct criminal appeal or in his Rule 3.850 motion, and that it was raised for the first time in the counseled initial brief on appeal from the denial of his postconviction motion.  *Id.*

Petitioner's *pro se* Rule 3.850 motion asserted six claims arguing that

his trial counsel rendered ineffective assistance in various ways. ECF No.

10-13 at 45-67 (initial motion), 82-87 (supplemental motion). The trial court

rejected each claim on the merits, finding that Petitioner failed to establish

either deficient performance by counsel or prejudice (Claims 1-4), or that

Petitioner's claims lacked any factual support in the record (Claims 5-6).

ECF No. 10-13 at 89-97.

Petitioner's retained postconviction appellate counsel appealed only

one claim that Petitioner asserted in his *pro se* Rule 3.850 motion: that trial

counsel was ineffective for failing to object to the jury instruction for Count

IV (attempted armed robbery). This claim was asserted as Claim 3 in

Petitioner's *pro se* Rule 3.850 motion, *see* ECF No. 10-13 at 58-60, and as

counsel's third argument on postconviction appeal, *see* ECF No. 10-14 at

3. Counsel's remaining postconviction appellate arguments were: (1) that

trial and appellate counsel were ineffective for failing to argue that

Petitioner's convictions for Count IV (attempted armed robbery) and Count

V (conspiracy to commit armed robbery) violated double jeopardy; and (2)

that trial counsel was ineffective for failing to request an instruction that the

jury could not find Petitioner guilty of all charged offenses because that

would violate double jeopardy. ECF No. 10-14 at 17-24.

A comparison of the state-court record and Petitioner's federal

habeas petition confirms that only one claim raised in the instant Petition – Claim (3) regarding trial counsel's performance in connection with the attempted armed-robbery jury instruction – was raised properly first in his *pro se* Rule 3.850 motion in the trial court and then exhausted by appealing the denial of the claim to the First DCA.  *See* ECF No. 10-13 at 58-59 (Rule 3.850 motion); ECF No. 10-14 at 3 (initial brief on appeal from denial of 3.850 motion).  Because the state court denied this claim on the merits and Petitioner properly appealed the denial, the claim will be addressed on the merits below.

Petitioner's remaining federal habeas claims are unexhausted, procedurally defaulted, and foreclosed from federal review.  Petitioner failed to appeal the state postconviction court's denial of four claims (Claims 1, 2, 4, and 5 in the federal Petition, ECF No. 1).  His sixth federal claim was not raised in his Rule 3.850 motion, and was raised for the first time by postconviction counsel in the appeal.  *See* ECF No. 10-14 at 3.

Petitioner argues that he is nevertheless entitled to federal review of all of his claims pursuant to *Martinez*.  Petitioner asserts that "just because his attorney failed to comply with unwritten state law procedure and affording Petitioner with ineffective assistance of initial-review collateral counsel by failing to raise each and every claim presented to the trial court

on appeal to the appellate court in the same manner."  ECF No. 16 at 5.

*Martinez* affords Petitioner no relief under these circumstances.

*Martinez* held that procedural default does not bar federal habeas review of

"substantial" ineffective assistance of trial counsel claims that a Petitioner

failed to raise *on initial postconviction review*. Under *Martinez*,

> [w]here, under state law, claims of ineffective assistance of trial
> counsel must be raised in an *initial-review collateral proceeding*, a
> procedural default will not bar a federal habeas court from hearing
> a substantial claim of ineffective assistance at trial if, in the initial-review
> collateral proceeding, there was no counsel or counsel in that
> proceeding was ineffective.

132 S. Ct. at 17 (emphasis added). Notably, "[t]o overcome the default, a

prisoner must also demonstrate that the underlying ineffective-assistance-

of-trial-counsel claim is a substantial one, which is to say that the prisoner

must demonstrate that the claim has some merit." *Id.* at 14.

Here, Petitioner *did* raise five of his federal ineffective-assistance

claims on initial postconviction review, but his retained postconviction

appellate counsel appealed the denial of only one claim and added two

new claims on appeal.  Under similar circumstances, the Eleventh Circuit

has concluded that a federal habeas petitioner presented no "objective

factors external to [petitioner's] defense" that impeded his ability to raise his

omitted ineffective-assistance claims before the state postconviction

appellate court other than postconviction appellate counsel's alleged

ineffective assistance.  *See Baker v. Sec'y, Dept. of Corr.,*  634 Fed.Appx. 689 (11th Cir. 2015) (citing *Henderson,* 353 F.3d at 892).  In *Baker,* the Eleventh Circuit rejected a habeas petitioner's claim that *Martinez* applied to overcome the procedural default, explaining that "the Supreme Court has explicitly held that attorney errors made in appeals from initial-review collateral proceedings do not constitute cause excusing a procedural default."  *Id.* (citing *Martinez,* 566 132 S.Ct. at 1320).  Because the petitioner failed to demonstrate cause for his procedural default, the Eleventh Circuit held "we need not address the existence of any resulting prejudice."  Thus, on this authority, *Martinez* does not provide a basis for reviving the ineffective-assistance claims that Petitioner's postconviction counsel omitted from the appeal.

In his federal petition, Petitioner asserts one claim that his postconviction counsel raised for the first time in the postconviction appeal. Petitioner's federal Claim (6) argues that trial counsel was ineffective for failing to challenge his convictions on Counts IV and V on double jeopardy grounds.  ECF No. 1 at 19-20.  In the appeal, counsel argued that "double jeopardy claims are properly the subject of Rule 3.850 relief" and that "[a] double jeopardy violation is an error of fundamental proportion that can be raised on appeal for the first time even if the issue was not raised,

developed, or preserved."  ECF No. 10-14 at 18.

Counsel's argument conflated unrelated state procedural rules.  It is true that under state law "a double jeopardy claim may either be raised on direct appeal or in a Rule 3.850 motion*."  Bryant v. McNeil*, 4:08-cv-349-MP-WCS, 2010 WL 5499423, at *3 (N.D. Fla. Nov. 23, 2010), *report and recommendation adopted,* 4:08-cv-00349-MP-WCS, 2011 WL 30306 (N.D. Fla. Jan. 3, 2011) (citing *Rudolf v. State,* 851 So.2d 839, 842 (Fla. 2nd DCA 2003); *Kerrin v. State,* 8 So.3d 395, 396 (Fla. 1st DCA 2009)). However, it is also true that "an issue not raised in a Florida Rule of Criminal Procedure 3.850 motion for  postconviction relief may not be asserted for the first time on appeal." *Tolliver v. State*, 309 So. 3d 718, 720 (Fla. 5th Dist. App. 2021) (citing *Connor v. State*, 979 So. 2d 852, 866 (Fla. 2007)).  Postconviction counsel cited no authority for the proposition that a claim that trial counsel was ineffective for failing to assert a double-jeopardy objection could be raised for the first time on appeal from the denial of a Rule 3.850 motion, nor has this Court identified such authority. Because this postconviction claim was never presented to the trial court in the initial-review Rule 3.850 proceeding, it is unexhausted and procedurally defaulted, since Petitioner would be time-barred from seeking further postconviction relief.

To the extent that *Martinez* could afford Petitioner any relief in reviving this ineffective-assistance claim, he has failed to make any showing that the ineffective-assistance claim is "substantial" in that it has "some merit".  First, the trial record reflects that Petitioner's trial counsel *did* object to Petitioner's convictions on Counts IV and V on double jeopardy grounds.  ECF No. 10-1 at 176-77.  Counsel cannot be deemed to have performed deficiently when he in fact raised the objection identified by Petitioner, but his objection was overruled by the trial court.  Second, the objection itself lacks merit.  The trial court concluded that convictions for attempted armed robbery and conspiracy to commit armed robbery do not amount to double jeopardy because the offenses have different factual elements.  *Id.* at 188-89.

In instructing the jury on the attempted armed robbery charge, the trial court stated to the jury:

> In order to prove that the Defendant attempted to commit the crime of robbery with a firearm, the State must prove the following elements beyond a reasonable doubt:  One, Derae P. Jenkins did some act toward committing the crime of robbery that went beyond just thinking or talking about it.  Two, Derae P. Jenkins would have committed the crime, except that someone prevented him from committing the crime of robbery with a firearm, or he failed.

ECF No. 10-4 at 20.  The trial court then defined "robbery" for the jury.  *Id.* at 20-21.  The trial court further instructed the jury that if it found Petitioner

actually possessed a firearm during the commission of the crime, they should find him guilty of attempted robbery with actual possession of a firearm. *Id.* at 23.

With respect to the conspiracy charge (Count V), the trial court instructed the jury:

> To prove the crime of criminal conspiracy, the State must prove the following two elements beyond a reasonable doubt:  One, the intent of Derae P. Jenkins was that the offense of robbery would be committed.  I have previously defined robbery for you.  Then number two, in order to carry out the intent, Derae P. Jenkins agreed, conspired, combined, or confederated with Akil Flagg and/or Richard Addison to cause a robbery to be committed either by them, or by one of them, or by some other person.  It is not necessary that the agreement, conspiracy, combination, confederation to commit robbery be expressed in any particular words, or that words pass between the conspirators.  It is not necessary that the Defendant do any act in furtherance of the offense conspired.

*Id.* at 23-24.

The Double Jeopardy Clause of the Fifth Amendment protects individuals from multiple punishments for the same offense. *See* U.S. Const., amend. V. In *Blockburger v. United States*, the Supreme Court allowed prosecution of multiple offenses related to the same conduct so long as the offenses required the proof of different elements. 284 U.S. 299, 304 (1932). The relevant test is whether "each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United*

*States v. Dixon*, 509 U.S. 688, 696 (1993); *see also United States v. Sanchez*, 3 F.3d 366, 367 (11th Cir. 1993). The government may rely on the same evidence that supported prosecution of a substantive offense when trying the defendant for a conspiracy. *United States v. Shenberg*, 89 F.3d 1461, 1480–81 (11th Cir. 1996).

Further, in *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180 (1946), the Supreme Court held that the prohibition against double jeopardy is not violated by a conviction for the commission of a substantive offense and a conspiracy to commit it because "[a] conspiracy is a partnership in crime," which "has ingredients, as well as implications, distinct from the completion of the unlawful project." *Pinkerton*, 328 U.S. at 644; s*ee also United States v. Felix*, 503 U.S. 378, 380-81 (1992) ("[P]rosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause."). In *Felix,* the Court explained that the essence of a conspiracy crime is the agreement and not the act itself. Therefore, the conspiracy to commit a crime and the substantive crime are not identical offenses. *Felix,* 503 U.S. at 380-81.

Here, Petitioner was convicted of attempted armed robbery and

conspiracy to commit armed robbery.  As reflected in the trial court's jury

instructions, each offense has different elements, most notably that a

conviction for conspiracy required a finding that Petitioner "agreed,

conspired, combined, or confederated with Akil Flagg and/or Richard

Addison to cause a robbery".  Because the elements of each offense are

plainly not the same, Petitioner has failed to show that he has any

"substantial" ineffective-assistance claim based on trial counsel's double-

jeopardy objection to his conviction of both offenses and the trial court's

decision overruling the objection.[3]

On this record, it is clear that the ineffective-assistance claims raised

in the Petition are unexhausted, except for Claim 3 as discussed below.

Because Petitioner cannot return to state court with his unexhausted

claims, they are procedurally defaulted.  Petitioner has failed to establish

cause-and-prejudice for the default under *Martinez* or any other standard,

and therefore these claims are foreclosed from federal habeas review.

---

[3] Postconviction counsel's sub-argument that the imposition of mandatory-minimum 20-year sentences for Counts I and IV violated double jeopardy is meritless because the trial court imposed *concurrent* sentences.  *See* ECF No. 10-13 at 106-11; ECF No. 10-14 at 20; *McDonald v. State*, 912 So. 2d 74, 76 (Fla. 4th Dist. App. 2005), *approved,* 957 So. 2d 605 (Fla. 2007) ("We have considered whether the imposition of concurrent mandatory minimum sentences on a single offense violates double jeopardy and determine it does not.) (citing *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673 (1983)).

## B.  *Ineffective Assistance Regarding Jury Instructions*

In his Rule 3.850 motion, Petitioner argued that his trial counsel was ineffective for failing to object to the jury instruction for attempted armed robbery.[4]  Postconviction counsel made the same argument on appeal, *see* ECF No. 10-14 at 28-31, and Petitioner reasserts it in his federal petition, albeit in a very cursory fashion.  *See* ECF No. 1 at 13.

The trial court rejected this argument on postconviction review because the instruction it gave was "essentially the same as the standard jury instruction for attempted armed robbery".  The court concluded "[t]hus, had counsel objected to it, the objection would have been overruled.  For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit."  ECF No. 10-13 at 94-95.

The trial court's instruction on attempted armed robbery stated:

> In order to prove that the Defendant attempted to commit the crime of robbery with a firearm, the State must prove the following elements beyond a reasonable doubt:  One, Derae P. Jenkins did some act toward committing the crime of robbery that went beyond just thinking or talking about it.  Two, Derae P. Jenkins would have committed the crime, except that someone prevented him from committing the crime of robbery with a firearm, or he failed.

---

[4] The instruction that Petitioner attached to his Rule 3.850 motion was actually the instruction for Count II, attempted felony murder (in the course of attempt to commit armed robbery) which is different than the instruction the trial court gave for Count IV, attempted armed robbery.  *See* ECF No. 10-13 at 76.  Petitioner's conviction for Count II was vacated, and it is unnecessary to discuss that instruction further.

ECF No. 10-4 at 20. The trial court then instructed the jury:

> I will now define robbery for you. To prove the crime of robbery, the State must prove the following four elements beyond a reasonable doubt:  One, Derae P. Jenkins took the money or property described in the charge from the person or custody of [the victim].  Two, force, violence, assault, or putting in fear was used in the course of the taking.  Three, the property taken was of some value.  Four, the taking was with the intent to permanently or temporarily deprive [the victim] of his right to the property or any benefit from it or appropriate the property of [the victim] to his own use or to the use of any person not entitled to it.

ECF No. 10-4 at 20-21.  The trial court provided further instructions defining relevant terms as well as instructions regarding aggravation findings for Petitioner's use of a firearm.  *Id.* at 21-23.

As the postconviction court found, these instructions are nearly identical to the Florida standard jury instructions for attempt offenses and robbery.  ECF No. 10-13 at 94-95, *see* Fla. Std. Jury Instr. (Crim) 5.1 ("Attempt to Commit Crime"), 15.1 ("Robbery").  Counsel cannot be deemed deficient for failing to object to standard jury instructions that have not been invalidated by the Florida Supreme Court.  *Rodriguez v. State*, 919 So. 2d 1252, 1272 (Fla. 2005); *Elledge v. State*, 911 So. 2d 57, 77 (Fla. 2005); *Rosado–Rodriguez* v. Sec'y, Dep't of Corr., No. 8:15–cv–1260–T–33AEP, 2016 WL 1305152, at *14 (M.D. Fla. Apr. 4, 2016) (unpublished) ("Failure to object to a standard jury instruction is not ineffective assistance of counsel.").

Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

## V. <u>Certificate of Appealability</u>

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either

party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## VI. <u>Conclusion</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that the

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No.

1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 21st day of October 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.